UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCELLA WATSON,<br><br>                    Plaintiff,<br><br>          -against-<br><br>RICHARD BONGIORNO, ESQ.; ANDREW<br>J. CAMACHO, ESQ.; THE BONGIORNO<br>LAW FIRM, PLLC,<br><br>                    Defendants. | 25-CV-8506 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently resides in Boone, North Carolina, and previously resided in Queens County, New York, brings this *pro se* action under the court's diversity of citizenship jurisdiction, asserting claims under state law. Named as Defendants are Richard Bongiorno, Esq., Andrew J. Camacho, Esq., and the Bongiorno Law Firm, PLLC. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Venue for Plaintiff's state law claims is governed by the general venue statute, 28 U.S.C. § 1391. Under Section 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

> For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not provide residential addresses for the individual defendants. She does, however, allege that they are employed at Defendant Bongiorno Law Firm, PLLC, which she alleges maintains its principal office in Garden City, Nassau County, New York. Plaintiff alleges that Defendants violated her rights while she was residing in Queens County, and while they were representing her in a personal injury action in a Queens County court. Both Nassau County and Queens County are located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Plaintiff alleges no facts suggesting that any of the events giving rise to her occurred in this District.[1]

Even if the Court did assume that the individual defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Queens County, and possibly, Nassau County, venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

location of relevant documents and the relative ease of access to sources of proof; (6) the relative

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying

events occurred in Queens County and Nassau County, where Defendants are employed and

Plaintiff previously resided, and it is reasonable to expect that relevant documents and witnesses

also would be in Queens and Nassau Counties. The Eastern District of New York appears to be a

more convenient forum for this action. Accordingly, the Court transfers this action to the United

States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair &*

*Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in

making determinations of convenience under Section 1404(a) and notions of convenience and

fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court

for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further

without prepayment of fees is a determination to be made by the transferee court. A summons

shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 22, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge